IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JERI GILL MCKENZIE and ) | |
| (2) ROBERT MCKENZIE, ) | |
|          Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-21-258-JWB |
| ) | |
| (1) THE HANOVER INSURANCE ) | |
| COMPANY, INC., ) | |
|          Defendant. ) | |

**DEFENDANT THE HANOVER INSURANCE COMPANY INC.'S
DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF
PLAINTIFF'S EXPERT DALLAS KAEMMERLING**

**COMES NOW** Defendant, The Hanover Insurance Company, Inc. ("Hanover"), and according to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) moves this Court for an order excluding the testimony of Plaintiff's proffered expert, Dallas Kaemmerling, as contained within his Report dated July 11, 2022. [Exh. 1, Kaemmerling Report]. Mr. Kaemmerling's opinions regarding costs and causation do not meet the requirements of Rule 702 and are otherwise not helpful to the trier of fact; such opinion evidence should be excluded from evidence at trial. Additionally, Mr. Kaemmerling's report does not meet the requirements of Fed. R. Civ. P. 26 (a)(2)(B) and should be stricken.

**CERTIFICATE OF MEET AND CONFER**

Counsel for Defendant, located at 525 S. Main St. Suite 1250, Tulsa, OK 74103, hereby certifies that on August 23, 2023, it telephonically met and conferred with Plaintiffs' counsel, located at 1701 River Run, Suite 703, Fort Worth, TX 76107, regarding the instant motion as required by LCvR 7.1(f). The parties were unable to agree regarding the scope of Mr. Kaemmerling's testimony.

## INTRODUCTION

In the instant litigation, Plaintiffs allege that, around April 22, 2020, an unspecified storm caused wind and hail damage to their residence located at 3424 Mount Washington Road in Ardmore, Oklahoma ("Property"). Plaintiffs attribute damage to the Property's roof and interior to the alleged storm. After almost six (6) months passed from the alleged storm, Plaintiffs eventually submitted a claim to Defendant, which insured the Property at the time of the alleged storm, seeking insurance benefits to replace the Property's roof. However, Defendant's reasonable claim investigation revealed that most of the damage to the Property that Plaintiffs attribute to the alleged April 2020 storm was not covered under the terms and conditions of the insurance policy at issue. The damage to the roof accessories, which was covered did not exceed the policy's deductible, thus Hanover did not issue payment. On August 12, 2021, Plaintiffs filed suit against Hanover alleging breach of contract and breach of the duty of good faith and fair dealing. [*See* Dkt. No. 2-1, Petition].

Plaintiffs Jeri Gill and Robert McKenzie designated Dallas Kaemmerling as someone who will provide expert testimony and produced his report and CV. According to Plaintiffs' disclosure, Kaemmerling will provide damages and causation testimony and "will testify to the fact that hail damaged the Plaintiffs' property on April 22, 2020, and the reasonable and necessary costs to make repairs." [Exh. 2, Plaintiffs' Designation of Expert Witnesses]. Kaemmerling's report contains conclusory opinions which are not the products of reliable principles and methods, suffer from analytical gaps, and are therefore unreliable and should be excluded. Additionally, Mr. Kaemmerling failed to comply with Rule 26(a)(2)(B)'s requirements and thus must be stricken.

## ARGUMENT AND AUTHORITIES

Federal Rule of Evidence 702 requires a witness to be qualified by "knowledge, skill, experience, training, or education" before testifying at trial as an expert. Fed. R. Evid. 702. If the witness is qualified, he or she may offer an expert testimony if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id. Daubert* provides in order to admit expert testimony at trial "a district court must assure that it is both reliable and relevant." *Storagecraft Technology Corp. v. Kirby*, 744 F.3d 1183, 1190 (10th Cir. 2014). The United States Supreme Court interpreted Rule 702 in *Daubert*, noting:

> The subject of an expert's testimony must be "scientific . . . knowledge." The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation.
> \*\*\*
> But, in order to qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation -- *i.e.*, "good grounds," based on what is known. In short, the requirement that an expert's testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability.

*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589-90 (1993) (footnotes and internal citations omitted). Although the Federal Rules of Evidence liberalized the standards for the admissibility of expert testimony from the older *Frye* standard, the Rules "leave in place the 'gatekeeper' role of the trial judge in screening such evidence." *General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

In *Joiner*, the Court made it clear that courts should exclude unreliable expert testimony that does "not rise above 'subjective belief or unsupported speculation.'" Id. at 140. The Supreme Court explained:

> Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

*Id.* at 146; *see also Roe v. FCA US, LLC*, 42 F. 4th 1175, 1181 (10th Cir. 2022) (*quoting Joiner*, 522 U.S. at 146). After *Daubert* in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) made it clear that the *Daubert* standards apply to all expert testimony, even where the expert is not a scientist, and that all expert testimony must meet the reliability test. *Id.* at 145-49. *Kumho* noted that because experts are granted such "testimonial latitude unavailable to other witnesses," the trial judge must be especially mindful of assuring that such testimony meets the "evidentiary reliability" standard. *Id.* at 149.

> To determine whether an expert's opinion is admissible, the district court must generally undertake a two-step analysis: (1) first, to determine "whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion," and (2) second, to determine "whether the expert's opinion is reliable by assessing the underlying reasoning and methodology[.]"s

*Mahalxmi Hospitality, LLC v. Steadfast Ins. Co.*, 2021 WL 5754816, * 2 (N.D. Okla. Sep. 9, 2021) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015). "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *U.S. v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Federal Rule of Civil Procedure 26(a)(2) requires a detailed and complete report of any witness who is specially employed for the purpose of providing expert testimony. The report is not merely background material; it represents the testimony the witness expects to give during a direct examination at trial. *Graves v. Mazda Motor Corp.*, 675 F. Supp2d 1082, n. 18 (W.D. Okla. 2009) (citing Advisory Committee Notes accompanying the 1993 amendments to Rule 26(a)(2)(B)). As such, the expert's report is a sufficient basis, standing alone, to determine whether the expert's

testimony is admissible under the standards set forth by the Federal Rule of Evidence 702 and the U.S. Supreme Court's decision in *Daubert*.

I. **MR. KAEMMERLING'S OPINIONS ARE NOT THE PRODUCT OF RELIABLE PRINCIPLES AND METHODS NOR HAS HE APPLIED HIS PRINCIPLES AND METHODS TO THE FACTS OF THIS CASE.**

Mr. Kaemmerling purports to opine on the following subjects: (1) causation and (2) the cost to make repairs. However, as expressed in his report, Kaemmerling's opinions are neither relevant nor reliable under the applicable standards. Plaintiff cannot show that his testimony is admissible under 702. Thus, Kaemmerling's testimony must be excluded.

Kaemmerling's opinions are not the result of reliable principles and methodology as required by Rule 702 and *Daubert*. Without explaining any methodology, Kaemmerling's Report contains only a brief description of the basis of his conclusory opinions that the property sustained hail damage on April 22, 2020. The description is produced here, in full:

> **Conclusions:**
> Based on my own physical inspection of the property, conversations with the property owner, review of the documents listed in this report, and my own experience, knowledge, skill and training as a licensed Public Adjuster, Independent Adjuster, and General Contractor, it is my opinion, within a reasonable degree of professional certainty, that the property specifically mentioned in my estimate, Exhibit B, more likely than not, sustained wind and hail damage as a result of the April 22nd, 2020 storm event. I considered and ruled out other causes of loss, such as wear and tear, deterioration, and foot traffic, and determined that the damage was more likely than not caused by the April 22, 2020 storm event.
>
> In addition, I considered other storm events reported by NOAA and searched back to 2016 for storms. The April 22, 2020 storm event was the closest in location and highest in overall windspeed reported. No other storms in this section of Carter county near this loss address were capable of causing the damages I observed, other than the April 22, 2020 storm event.
>
> Based on the historical weather data, the characteristics of the hail and wind damage I observed that were consistent with the reported wind event on April 22, 2020 that the damage could only have been caused by the April 22, 2020 storm, to the exclusion of all other whether events or potential causes.

(Exh. 1, pgs 11-12).

Kaemmerling's report identifies six categories of documents which he reviewed in forming his opinions: "(1) Satellite Imagery, (2) NOAA Storm Data, (3) Weather.us radar date, (4) Day Engineering Report, (5) My years of industry experience and expertise, and (6) Xactimate software in determining the reasonable and necessary costs to repair the Property." *Id.* at pg 3. Kaemmerling attempted to review Weather.us radar data from 2016, however such was unavailable. He did review such data for 2017. He claims that damage from storms in 2016 and 2017 can be ruled out due to the lack of "severe weathering." However, he fails to explain *how and why,* damage from 2016 or 2017 would be evidenced by severe weathering at his 2022 inspection, but damage from 2020 would not. Moreover, he has not provided any factual information or described his methodology as to how he "aged" any storm damage evidence and then linked said damage to the alleged date of loss. Additionally, Kaemmerling's report fails to address any storms between April 22, 2020, and his inspection in June 2022 which could have caused hail damage to Plaintiffs' roof. *Id.* at pg. 3. Instead, Kaemmerling opines that the damage to the roof could only result from the April 22, 2020, storm and states in conclusory fashion that he "considered and ruled out other causes of loss, such as wear and tear, deterioration, and foot traffic." *Id.* at 9 and 11. Kaemmerling failed to adequately investigate and exclude other storms as possible sources of damage. He does not present any reliable methodology in reaching his conclusion that the alleged damages were caused by the April 22, 2020 storm. Instead, he assumed that the property was damaged by the April 22, 2020, storm and then looked for evidence to support only that conclusion. Thus, there is no reliable methodology as required by Rule 702 and *Daubert* and Kaemmerling's testimony should be excluded.

Additionally, Kaemmerling's report is silent as to *how* his inspection, experience, knowledge, and skill and training led him to assume the Property sustained damage as a result of

6

the April 22, 2020, storm. Further, Kaemmerling's report does not adequately describe the conversations with Plaintiffs, the reported damages from the Plaintiffs, or how such contributed to the formation of his opinions through a reliable method as required by Rule 702 and *Daubert*. *Id.* at pg. 9. It also does not adequately describe Kaemmerling's "personal observation" of the damage or why his observations are consistent with hail and an April 22, 2020, date of loss. *Id.* 9-12. Again, without explaining any methodology, and without qualification. Kaemmerling concludes the "characteristics of the hail and wind damage [he] observed that were consistent with the reported wind even on April 22, 2020 that the damage could only have been caused by the April 22, 2020 storm, to the exclusion of all other whether [sic] events or potential causes." *Id* at 12. Notably, he fails to explain (1) how he is qualified to review weather data; or (2) why it would be appropriate to limit such a review to only four years before the alleged date of loss and exclude the two years between the alleged date of loss and his inspection. Thus, his testimony should be excluded.

While he does explain his calculations and use of Xactimate, Kaemmerling's report also lacks explanation of the methodology followed to determine which items to include in his estimate to determine costs. Regarding his recommendations, his report provides:

> **Repair Recommendations:**
>
> Exhibit B, attached to this report is a true and correct copy of my estimate of the reasonable costs to repair and/or replace property that is considered damaged from high winds that occurred on the identified date of loss (herein referred to as "Estimate"). My Estimate includes a line-item detailed estimate using the Xactimate software program with an updated price database that reflects pricing as of July 2022.
>
> Xactimate is an industry standard estimating software. This software is accepted and incorporated by the largest insurance companies in this industry including the Defendant to this lawsuit and uses a price database which is updated monthly by zip code to ensure accuracy of pricing.

7

Exh 1., pg. 12. However, there is no explanation as to how the conclusion were reached or the basis of his estimate.

Thus, his opinions regarding the cost to repair/or replace the property that was allegedly damaged are not based upon a reliable methodology as required by Rule 702 and *Daubert* and must be excluded.

## II.  MR. KAEMMERLING'S REPORT SHOULD BE STRICKEN BECAUSE HIS REPORT FAILS TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 26(A)(2)(B).

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert's report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) any exhibits that will be used to summarize or support them; (iii) the witnesses qualifications, including a list of all publications authored in the previous 10 years; (iv) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (v) a statement of the compensation to be paid for the study and testimony in the case. Kaemmerling's report fails to comply with the basic standards of Fed. R. Civ. P. 26(a)(2)(b). Additionally, the Advisory Committee's Notes to Rule 26 state that an expert report must be "must be '**detailed and complete**.'

As described in Proposition I, Kaemmerling does not provide a detailed and complete report as his report does not the basis and reasoning for his conclusions. Additionally, Kaemmerling's report does not contain a list of all other cases in which, during the previous 4 years, he had provided testimony as an expert at trial or deposition. Instead, the report states that he does not maintain a list. *Id.* at 3. Fed. R. Civ. P. 26(a)(2)(B), requires that retained experts must provide a list of testimony over the previous 4 years. There is no caveat to the rule. If the witness does not maintain a list, he must create one.

Because Kaemmerling's report fails to meet the basic requirements for an expert under Rule 26(a)(2)(B), it should be stricken, and Plaintiffs should be precluded from offering his opinions.

## CONCLUSION

WHEREFORE, Defendant The Hanover Insurance Company Inc., respectfully prays that this Court grant its Motion to Exclude Testimony of Plaintiff's Expert Dallas Kaemmerling.

Respectfully submitted,

*s/Grant A. Fitz*
Grant A. Fitz, OBA #19806
Emillie L. Cain, OBA #35074
RICHARDS & CONNOR
12th Floor, ParkCentre Building
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
Email: gfitz@richardsconnor.com
ecain@richardsconnor.com

**ATTORNEYS FOR DEFENDANT
HANOVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2023, I electronically transmitted the attached Answer to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Terry M. McKeever, Esq. - tmm@fylaw.com
FOSHEE & YAFFE

Preston James Dugas, III, Esq. – pdugas@dcclawfirm.com
DUGAS CHEEK & CIRCELLI

**ATTORNEYS FOR PLAINTIFFS
JERI GILL MCKENZIE AND
ROBERT MCKENZIE**

*s/Grant A. Fitz*